IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GEORGE HOLBAY,                    )
                                  )
                Plaintiff,        )
                                  )
        v.                        )  Civil Action No. 06-165J
                                  )
MICHAEL J. ASTRUE,                )
COMMISSIONER OF                   )
SOCIAL SECURITY,                  )
                                  )
                Defendant.        )


MEMORANDUM JUDGMENT ORDER

AND NOW, this _____ day of September, 2007, pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits under Title II of the Social Security Act ("Act"), upon due consideration of the plaintiff's motion for summary judgment and the government's motion for remand, IT IS ORDERED that plaintiff's motion for summary judgment (Document No. 12) be, and the same hereby is, granted and the Commissioner's motion for remand (Document No. 17) be, and the same hereby is, granted. The Commissioner's decision of April 25, 2005, will be reversed and this case will be remanded to the Commissioner for further proceedings consistent with this opinion pursuant to sentence 4 of 42 U.S.C. §405(g).

When the Commissioner determines that a claimant is not "disabled" within the meaning of the Act, the findings leading to such a conclusion must be based upon substantial evidence. "Substantial evidence has been defined as 'more than a mere

AO 72
(Rev. 8/82)

scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" <u>Plummer y. Apfel</u>, 186 F.3d 422, 427 (3d Cir. 1999) (citation omitted). Despite the deference to administrative decisions required by this standard, reviewing courts "'retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence.'" <u>Morales v. Apfel</u>, 225 F.3d 310, 317 (3d Cir. 2000) (<u>quoting</u> <u>Smith v. Califano</u>, 637 F.2d 968, 970 (3d Cir. 1981)).

Plaintiff protectively filed his application for disability April 20, 2004, alleging a disability onset date of January 8, 2004, due to seizures. Plaintiff's application was denied initially. At plaintiff's request, an ALJ held a hearing on February 16, 2005, at which plaintiff, represented by counsel, appeared and testified. Prior to the hearing, the ALJ informed plaintiff's counsel that the hearing would be limited to 45 minutes. At the conclusion of the time set for the hearing, plaintiff's counsel requested time for a closing argument, which was denied. However, plaintiff was permitted to submit a closing argument in writing and in fact did so.

Following the hearing, the ALJ proposed a supplemental hearing for the taking of medical expert testimony from Dr. Carol Tavani. Upon plaintiff's objection to a letter written by the ALJ to Dr. Tavani, which plaintiff believed was designed to improperly influence Dr. Tavani's opinion by indicating the ALJ's belief that plaintiff is not disabled, the ALJ disqualified Dr. Tavani and

closed the record without seeking testimony from another expert. On April 25, 2005, the ALJ issued a decision finding that plaintiff is not disabled. On June 15, 2006, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 52 years old at the time of the ALJ's decision and is classified as a person closely approaching advanced age under the regulations. 20 C.F.R. §404.1563(d). Plaintiff has a high school education and past relevant work experience as a chief mechanic, but he has not engaged in any substantial gainful activity since his alleged onset date. For purposes of plaintiff's Title II application, the ALJ found that plaintiff met the disability insured status requirements of the Act on his alleged onset date and has acquired sufficient coverage to remain insured through the date of the ALJ's decision

After reviewing the medical records and hearing testimony from plaintiff, plaintiff's wife and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff has the severe impairment of a seizure disorder, that impairment does not meet or equal the criteria of any of the impairments listed in Appendix 1 of the regulations.

The ALJ also found that plaintiff retains the residual functional capacity to perform the exertional requirements of heavy work but with certain non-exertional limitations. (R. 21). Taking into account plaintiff's age, education, work experience

and residual functional capacity for heavy work with non-exertional restrictions, a vocational expert testified that plaintiff could not perform his past relevant work, but did identify numerous jobs that plaintiff could perform at various exertional levels. Relying on the vocational expert's testimony, the ALJ found that plaintiff is capable of making an adjustment to numerous jobs existing in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(1)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[1] See 20 C.F.R. §§404.1520; Newell

---

[1] The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age,

AO 72
(Rev 8/82)

v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). Generally, if the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises two objections to the ALJ's decision: (1) the ALJ did not provide plaintiff a "full and fair hearing" due to alleged bias; and, (2) the ALJ erred in rendering a decision without the benefit of additional medical evidence. Based on these objections, plaintiff seeks a remand to a different ALJ for a full and fair hearing on his claim.

Neither party in this case disputes that this case has to be remanded based on the ALJ's highly improper letter to the proposed medical expert. In fact, rather than filing a cross-motion and brief in opposition to plaintiff's summary judgment motion, the government responded with its own motion for remand for the purpose of obtaining medical testimony from a medical expert other than Dr. Tavani.

In response, plaintiff's counsel indicated that plaintiff would consent to defendant's request for remand but only if his claim is assigned to a different ALJ. Otherwise, plaintiff requests a ruling on the issues raised in his summary judgment brief. Accordingly, it appears that the only issue before this court is whether, on remand, the case should be assigned to a

---

education, work experience, and residual functional capacity. 20 C.F.R. §§404.1520 and 416.920. See also Newell, 347 F.3d at 545-46.

different ALJ in order to provide plaintiff a full and fair hearing on his claim.

Social Security proceedings are inquisitorial, not adversarial and, "it is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." Sims v. Apfel, 530 U.S. 103 (2000). The ALJ in this case clearly breached that duty as evidenced by the letter he sent to the proposed medical expert. In that letter, in which the ALJ should have done no more than request the expert's attendance at the proposed supplemental hearing, he instead set forth his evaluation of the evidence and why he believed plaintiff was not entitled to disability benefits. To make matters worse, he included highly irrelevant and personal information about plaintiff's disability retirement benefits from Penelec and speculated as to not only plaintiff's credibility, but the credibility of plaintiff's wife and the management staff of Penelec who, the ALJ informed the medical expert, "have a financial interest" in plaintiff receiving benefits.

It is evident from the ALJ's letter to Dr. Tavani, the proposed medical expert, that the ALJ, who already had decided without a medical opinion to support that decision that plaintiff was not entitled to benefits, now was seeking expert support for it, since the letter clearly appears to be an attempt to sway the medical expert's opinion in that direction. Incredibly, when plaintiff's counsel, who did not oppose an unbiased expert's opinion, rightly objected to the letter and the use of the expert

whom it sought to influence, the ALJ compounded his error by "disqualifying" Dr. Tavani, "at plaintiff's request", then closed the record without seeking an opinion from another unsullied medical expert. The ALJ then proceeded to write his decision denying benefits without benefit of the necessary expert testimony.

Clearly, as both parties acknowledge, the ALJ's decision in this case cannot stand and this case must be remanded. The Commissioner merely seeks remand to obtain an opinion from an expert other than Dr. Tavani. Plaintiff, however, while agreeing that a different expert is required on remand, also wants this court to order the Commissioner to assign this case to a different ALJ, arguing that he cannot get a fair hearing before the same ALJ because of his alleged bias.

While the court seriously questions whether plaintiff in fact can receive a full and fair hearing before the same ALJ, it appears that this court does not have the authority to order the reassignment of the case to a different ALJ. Under the Act, the Commissioner "is directed to make findings of fact, and decisions as to the rights of any individual" applying for benefits. 42 U.S.C. §405(b)(1). Thus, it is for the Commissioner to determine if reassignment to a new ALJ is appropriate on remand. See, e.g., Caldwell v. Barnhart, 2003 WL 23154614 (3d Cir. Dec. 15, 2003) (district court erred in making factual determination with respect to claimant's allegation that ALJ had to be removed on remand due to bias).

Accordingly, plaintiff's request for removal of the ALJ and reassignment to another must be raised and determined at the administrative level. However, in light of the events that transpired below, any decision rendered by the current ALJ would have an appearance of impropriety which should be avoided; therefore, the court recommends that the Commissioner on remand assign this case to another ALJ. Plaintiff is entitled to a full and fair hearing on his claim for benefits before an impartial adjudicator. It is clear to this court that the most prudent course in this case would be a hearing before a different ALJ; nevertheless, reassignment is the prerogative of the Commissioner.

For the foregoing reasons, plaintiff's motion for summary judgment will be granted, the Commissioner's motion for remand will be granted, and the decision of the Commissioner will be reversed and this case will be remanded to the Commissioner for further proceedings consistent with this opinion.

Gustave Diamond
United States District Judge

cc:   Joanna P. Papazekos, Esq.
      Caroselli, Beachler, McTiernan & Conboy
      312 Boulevard of the Allies
      Eighth Floor
      Pittsburgh, PA 15222

      John J. Valkovci, Jr.
      Assistant U.S. Attorney
      319 Washington Street
      Room 224, Penn Traffic Building
      Johnstown, PA 15901